**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| GENO L. MCINTOSH, | : | |
| | : | **THE HONORABLE RENÉE MARIE BUMB** |
| Plaintiff | : | |
| | : | |
| v. | : | **CIV. NO. 19-9889(RMB)** |
| | : | |
| ATLANTIC CITY | : | **OPINION** |
| POLICE DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

This matter comes before the Court upon Plaintiff's amended civil rights complaint. (ECF No. 6.) On April 15, 2019, Plaintiff Geno McIntosh ("Plaintiff"), a prisoner incarcerated in the Atlantic County Jail at the time of filing, filed a civil rights complaint against several prison officials. (Compl., ECF No. 1.) Plaintiff did not submit a complete application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), so the Court administratively terminated this action, subject to reopening. (ECF No. 2.) Plaintiff filed an amended complaint on April 26, 2019. (ECF No. 6.) The Clerk's Office subsequently received a new *in forma pauperis* application and motion for the appointment of pro bono counsel from Plaintiff,[1] which were inadvertently filed under a different civil action number, McIntosh v. Atlantic City

---

1 Plaintiff withdrew this motion. (ECF No. 20.)

Police Department, No. 19-11395 (D.N.J. Apr. 26, 2019.) The Court ordered the documents to be filed in this action and subsequently reopened the case. (ECF No. 8.) The Court thereafter granted Plaintiff's IFP application. (ECF No. 10.)

When a prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness

2

in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

II. DISCUSSION

"Federal Rule of Civil Procedure 8(a) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011) (per curiam). Plaintiff's complaint is neither short nor plain. At 53 pages, the complaint is a confusing litany of events beginning with his arrest in Atlantic City, New Jersey on November 27, 2018 and ending with his refusal to take a competency evaluation on March 18, 2019. However, the Court has

3

identified some claims that should be permitted to proceed past the screening stage.

The Court has reviewed the complaint and finds that Plaintiff has stated claims of physical and sexual assault against Officer Hickerson; Officer Hubbard; Sergeant Tornblom; Officer Shantaue; Officer Soullard; Sergeant Smith; Officer Marcado and Sergeant Martyn; Officer Mazza, Officer Dempsey, and Sergeant Keating; and Sergeant Stowe, Officer King, Sergeant Ashworth, Officer Rivera, and Officer Buddy. Plaintiff has also stated a claim of failure to protect under the Fourteenth Amendment against Captain Casiper and for retaliation against Officer Anacheta. All other claims and defendants are dismissed.

Plaintiff's complaint seeks to hold various state and municipal entities accountable for his injuries. The state and its agencies are immune from suit in federal court. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Moreover, New Jersey is not a "person" who can be sued under § 1983. Mierzwa v. U.S., 282 F. App'x 973, 976 (3d Cir. 2008) (per curiam) (citing 42 U.S.C. § 1983; Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); United States ex rel. Foreman v. State of N.J., 449 F.2d 1298 (3d

4

Cir. 1971)). These defendants are dismissed with prejudice as they are immune from suit from Plaintiff's claims for monetary damages. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff also seeks to hold various Atlantic City and Hamilton Township entities accountable. A police department, and similarly a unit within a police department, are not proper parties to a § 1983 action because they are merely sub-units of government that are not distinct from the municipality of which they are a part. Jackson v. City of Erie Police Dept., 570 F. App'x 112, 114 n.2 (3d Cir. 2014). If Plaintiff can allege facts showing an official policy of the city was responsible for the constitutional violation or that the constitutional violation was the product of a government custom, even if the custom did not receive formal approval through official decision-making channels, then the city is a proper defendant under § 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). Plaintiff has not alleged facts indicating a policy or custom of Atlantic City or Hamilton Township caused his injuries. Plaintiff may move to amend his complaint if he can allege sufficient facts. Plaintiff's Monell claims are dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court is in receipt of Plaintiff's letters requesting summonses to be issued. The summonses will be issued once Plaintiff

has completed and returned to the Clerk's Office a U.S. Marshal Form 285 for each defendant that the Court has permitted claims to proceed against.

III. CONCLUSION

The Court will instruct the Clerk to add Officer Hickerson, Officer Hubbard, Sergeant Tornblom, Officer Shantaue, Officer Soullard, Sergeant Smith, Officer Marcado, Sergeant Martyn, Officer Mazza, Officer Dempsey, Sergeant Keating, Sergeant Stowe, Officer King, Sergeant Ashworth, Officer Rivera, Officer Buddy, Captain Casiper, and Officer Anacheta as defendants in this action. All other claims and defendants are dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). An appropriate order follows.

DATE October 10, 2019

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**